IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 09, 2015


**STATE OF TENNESSEE v. FREDERICK DEWAYNE GROSS**

**Appeal from the Criminal Court for Davidson County**
**No. IF-8462, 2000-I-223, 2002-A-580, 2003-A-105, 2005-B-1213, 2002-D-2373**
**Seth W. Norman, Judge**

_____

**No. M2014-02255-CCA-R3-CD – Filed August 6, 2015**

_____


The defendant, Frederick DeWayne Gross, filed a motion to correct illegal sentences under Tennessee Rule of Criminal Procedure 36.1, alleging that his sentences were improperly ordered to be served concurrently. The trial court reviewed the motion and dismissed it without holding a hearing, having determined that the defendant did not present a colorable claim because there was no statute mandating consecutive sentencing in his case. The defendant appeals the trial court's dismissal. Upon review, we conclude that the trial court did not err in dismissing the petition, and we affirm the judgment of the trial court.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**


JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and CAMILLE R. MCMULLEN, J., joined.

Frederick Dewayne Gross, Memphis, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Clarence E. Lutz, Assistant Attorney General, for the appellee, State of Tennessee.


**OPINION**

The defendant was convicted of various crimes between 1996 and 2005. The defendant alleges that his concurrent sentencing for these offenses was illegal because all of his crimes after 1996 were committed while he was on probation. All of the criminal convictions in the record were the result of guilty pleas. The judgment forms included in the record show that the defendant was convicted of: aggravated assault in Case No. IF-8462 on August 13, 1996; sale of a counterfeit controlled substance in Case No. 2000-I-223 on March 30, 2000; delivery of a counterfeit controlled substance and resisting arrest in Case No. 2002-A-580 on May 28, 2002; misdemeanor joy riding and evading arrest in Case No. 2002-D-2373 on February 13, 2003; misdemeanor assault, criminal impersonation, and simple possession of a Schedule II controlled substance in Case No. 2003-A-105 on February 13, 2003; and burglary and resisting arrest in Case No. 2005-B-1213 on September 8, 2005.

Also included in the record are documents showing that the defendant was on probation numerous times and that he repeatedly violated probation for various offenses listed above.

On September 26, 2014, the defendant filed a motion to correct illegal sentences. The motion alleged that all of his offenses after his conviction in Case No. IF-8462 were committed while on probation for all previous cases and that all of his sentences were imposed concurrently to one another in violation of statute. The trial court dismissed the motion, concluding that there is no statute mandating consecutive sentences for offenders who commit new crimes while on probation. The defendant filed a timely notice of appeal of the trial court's decision, arguing that the trial court erred in dismissing his petition.

## ANALYSIS

Under Tennessee Rule of Criminal Procedure 36.1(a), the defendant may "at any time" seek the correction of an illegal sentence, defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." The defendant is entitled to have counsel appointed to represent him and entitled to a hearing "[i]f the motion states a colorable claim." Tenn. R. Crim. P. 36.1(b). Because the term "colorable claim" is not defined in the Rule, this court has adopted the definition of "colorable claim" applicable to post-conviction actions. *State v. Mark Edward Greene*, M2013-02710-CCA-R3CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014), *perm. app. denied* (Tenn. Dec. 18, 2014). Accordingly, a colorable claim is one "that, if taken as true, in the light most favorable to the [defendant], would entitle [defendant] to relief." Tenn. Sup. Ct. R. 28, § 2(H); *see State v. David Morrow*, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App. Aug.13, 2014), *no perm. app. filed*. A sentence which is ordered to be served concurrently despite a

statutory requirement that it be served consecutively is illegal. *Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010).

The defendant asserts that his sentences are illegal because they were imposed concurrently rather than consecutively, in violation of statute. He cites to Tennessee Rule of Criminal Procedure 32(c)(3) as authority that his sentences were statutorily mandated to run consecutively. However, Rule 32(c)(3)'s requirement of mandatory consecutive sentencing applies:

> (A) to a sentence for a felony committed while on parole for a felony;
>
> (B) to a sentence for escape or for a felony committed while on escape;
>
> (C) to a sentence for a felony committed while the defendant was released on bail and the defendant is convicted of both offenses; and
>
> (D) for any other ground provided by law.

Tenn. R. Crim. P. 32(c)(3). The defendant does not allege that his offenses were committed while he was released on parole or bail, and there is no evidence of any other provision mandating consecutive sentencing. He also cites to Tennessee Code Annotated section 40-35-115(b)(6) (2010), which gives the trial court the authority to order consecutive sentencing if it finds by a preponderance of the evidence that an offense was committed while on probation, and Tennessee Code Annotated section 40-35-310(a), which permits a trial court, on revocation of probation, to order the original judgment to be served consecutively to any conviction which resulted from an offense committed during the probationary period. As neither these provisions nor any other statute cited by the defendant mandate consecutive sentencing, the defendant has not presented a colorable claim for relief.

## CONCLUSION

Based on the foregoing reasoning, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE